IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-30078

WILLIAM EDWARD FRAZIER,

Plaintiff - Appellee,

versus

LEONARD HATAWAY, individually and as Sheriff of Grant Parish, Louisiana, also known as
Pop Hataway,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-2265)

January 13, 2003

Before KING, Chief Judge, and DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff William Frazier alleges that defendant sheriff Joseph Hataway engaged in a pattern of

retaliation against Frazier for supporting Hataway's political opponent, in violation of the First

Amendment and 42 U.S.C. § 1983. Hat away allegedly used his political influence over Frazier's

employer, district attorney Joseph Beck, to cause Frazier to suffer various adverse employment

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

actions. The district court denied Hataway's motion for summary judgment, rejecting, among other things, his argument for qualified immunity. Hataway appeals the denial of summary judgment. We affirm.

Although this Court generally only hears appeals from "final decisions" of district courts, 28 U.S.C. § 1291, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U. S. C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). In this interlocutory posture, we review only the "purely legal question of whether the plaintiff alleges a violation of a clearly established right of which a reasonable person would have known." *See Kinney v. Weaver*, 301 F.3d 253, 261 (5th Cir. 2002). We must "assume[] as true the facts alleged by the plaintiff that the district court determined to be in genuine dispute." *Id*. at 262.

The district court determined Frazier had raised a genuine issue of material fact as to whether Hataway, using his position as parish sheriff, constructively demoted Frazier by exerting his influence over Frazier's employer, to retaliate against Frazier for supporting Hataway's political opponent. We agree with the district court that these facts, if true, would not support Hataway's qualified immunity defense.

A plaintiff opposing a qualified immunity defense on summary judgment must show three things: (1) that he has alleged the violation of a constitutional right; (2) that the constitutional right was clearly established at the time the defendant acted; and (3) that record indicates that the violation occurred, or gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly established right." *Conroe Creosoting Co. v. Montgomery County*, 249 F.3d 337, 340 (5th Cir. 2001). Again, however, we only review the first

two questions for purposes of this appeal. The Supreme Court has explained that, for a right to be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). That is, "in the light of pre-existing law the unlawfulness must be apparent." *Id*.

First, Frazier has alleged a violation of constitutional right. In *Keenan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002), this Court explained the relevant First Amendment retaliation standard. A plaintiff must show (1) he was engaged in constitutionally protected activity, (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected activity. *Id*. at 258. Frazier alleges Hataway retaliated against him for supporting Hataway's opponent, and for opposing a tax measure that would have benefitted law enforcement. The district court correctly found this to be a "mixed speech" case because Frazier was speaking both as a citizen, and as a parish employee. *See Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 366-67 (5th Cir. 2000). Under the principles explained in *Kennedy*, the district court correctly found the speech to be a matter of public concern, and hence, constitutionally protected. Frazier's speech did not relate to an *internal* personnel dispute, or any administrative dispute with Hataway; rather, it involved the *public* debate on the qualifications of Hataway for sheriff, against the backdrop of a *public* election. *See Kennedy*, 224 F.3d at 372. Being constructively demoted would plainly chill an ordinary person from continuing to engage in such speech. Indeed, chilling Frazier's speech is alleged to have been Hataway's motive. The district court also found that Frazier had raised a genuine issue of fact as to whether Hataway retaliated against him *because of* Frazier's speech; thus, the final part of the *Keenan* test is met.

Second, we address the question of whether the right was clearly established at the time of the violation, considering that all the alleged retaliation occurred prior to this Court's decision in *Keenan*. Before *Keenan*, this Court had not addressed First Amendment retaliation where the retaliating party was not an employer or in some contractual relationship with the plaintiff. However, the *Keenan* test is substantially identical to the framework for First Amendment employment retaliation. *See, e.g., Harris v. Victoria Indep. Sch. Dist.,* 168 F.3d 216, 220 (5th Cir. 1999). The only meaningful difference is that, in the employment context, the plaintiff must additionally show that his interest in commenting on matters of public concern outweighs the defendant's interest in promoting efficiency. *Compare id. with Keenan*, 290 F.3d at 258. The efficiency concern is irrelevant here. We conclude it would have been "apparent," *Anderson,* 483 U.S. at 640, prior to *Keenan* that Hataway's alleged retaliation would not be deemed constitutional merely because Hataway was not Frazier's employer, especially because Frazier alleges Hataway exercised control over Beck, Frazier's employer.

AFFIRMED.